UNITED STATES v. KRAUS et al.  SAME v. JOSEPH AJELLO CO., Inc., et al.  SAME v. BORNSTEIN et al.

(District Court, S. D. New York. February 1, 1921.)

1. **Criminal law ⬡⟹395—Searches and seizures ⬡⟹5—Papers seized in unlawful search must be returned.**

   When papers of parties subsequently indicted are seized upon an illegal search, the papers and all copies taken while the officers retained their illegal possession must be returned, and any information obtained therefrom must not be used at the trial or in its preparation.

2. **Intoxicating liquors ⬡⟹244—Prohibition agents not authorized to make forcible entry.**

   The right of prohibition agents under Volstead Act, tit. 2, §§ 10, 34, and Rev. St. § 3318 (Comp. St. § 6100), to inspect records of wholesale liquor dealers, gave them no right to make a forcible entry for the purpose of such inspection or to seize such records.

3. **Searches and seizures ⬡⟹5—Order for return of papers unlawfully seized to provide against use as evidence.**

   Where papers of parties subsequently indicted were seized during an unlawful search, the order for their return will provide that no testimony or other evidence of any transaction recorded in such papers shall be offered upon the trial unless shown to have been obtained independently of the wrongful possession of the papers.

4. **Searches and seizures ⬡⟹5—On return of papers illegally seized, reference held necessary to prevent use of information.**

   In ordering the return of defendant's papers seized during an unlawful search, a reference will be made to a master for the purpose of having a record made of the transactions recorded in such papers so that they may be identified if evidence is offered of them at the trial and proof thereof excluded unless independent proof not derived from such papers is produced at the reference.

⬡⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Costs ⊕=304—Expense of reference to exclude information from papers unlawfully seized to be borne by government.**

The expenses of a reference for the purpose of making a record of purchases and sales of liquor recorded in papers illegally seized in order that evidence thereof may be excluded at the trial must be borne by the prosecution.

**6. Intoxicating liquors ⊕=256—Issue of consent to search to be brought on for trial before order for return of papers seized.**

On a petition by the defendant for the return of papers claimed to have been seized during an unlawful search by prohibition agents, where respondents allege a consent to the searches and seizures, they have a right to the trial of such issue before any order for the return of the papers, and it may be brought on for trial before the judge at any convenient time.

**7. Searches and seizures ⊕=7—Papers taken from person of one arrested who was violating law held not entitled to protection.**

Where a person arrested as he was leaving the premises of a wholesale liquor dealer was searched and found to have concealed on his person government permits for the withdrawal of liquor, and invoices for liquor, such papers were not within the constitutional immunity against unlawful searches and seizures, as the person arrested was assisting in violating Volstead Act, tit. 2, § 34, and guilty of a crime under section 29, and under Rev. St. § 3318 (Comp. St. § 6100).

**8. Intoxicating liquors ⊕=256—Search warrant not assumed void on application for return of papers seized.**

On petition by the defendant for the return of papers claimed to have been seized during an unlawful search by prohibition agents, a search warrant will not be assumed void on loose allegations of its insufficiency where neither it nor its supporting papers are presented.

**9. Intoxicating liquors ⊕=249—Failure to make return is only an irregularity and does not make warrant void.**

The failure to make a return of a search warrant under the Volstead Act is only an irregularity which may be corrected on motion and does not invalidate the warrant.

**10. Intoxicating liquors ⊕=246—Documents showing transactions which should be recorded by wholesale liquor dealer held subject to search.**

Under Volstead Act, tit. 2, § 35, making the regulations of that act complementary to the Revised Statutes, and section 3318 of the Revised Statutes (Comp. St. § 6100), making it a felony for a wholesale liquor dealer to fail to keep a record of sales and purchases of liquor, documents showing sales and purchases that should have been, but were not, recorded, are proper subjects of a search warrant under Espionage Act, tit. 11, § 2, subd. 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼b), as "property used as means to commit a felony."

**11. Intoxicating liquors ⊕=249—Seizure under search warrant illegal when warrant based on information derived from illegal search.**

A search warrant issued on information obtained at the time of a previous illegal search by prohibition agents does not authorize the retention of documents seized under it.

Separate criminal prosecutions by the United States against Arthur Kraus and others, against the Joseph Ajello Company, Incorporated, and others, and against Nathan Bornstein and others. On petitions by defendants in each case for the return of papers claimed to have been illegally seized. Order in accordance with the opinion.

In each of these cases indictments have been found for violations of title 2 of the Volstead Act (41 Stat. 305), and these proceedings arise upon petitions by one of the defendants in each case for a return of papers seized by cer-

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tain prohibition agents under the circumstances set forth, which occurred before the indictments were found. The petitions allege that the agents, without search warrants (there is a partial exception in Kraus' case), entered buildings occupied by the petitioners, which they searched, and while there seized a large number of unidentified documents of various kinds which they carried off and which are now in the possession of their superiors and of the United States Attorney, who are the respondents in each proceeding, and who purpose using them in evidence upon the trials.

The answering affidavits allege a consent of the persons in charge of the premises to the searches and seizures, and further justify because each of the petitioners was a licensed wholesale liquor dealer, whose records, which must be kept under section 10 of title 2 of the Volstead Act and section 3318 of the Revised Statutes (Comp. St. § 6100), were open to the inspection of the officials at all times. Among the papers seized were some permits to withdraw and to sell liquor (form 1410) and records of sales and purchases (forms 52–A and 52–B) required to be kept by Revised Statutes, § 3318, but the greater part of the papers were bills and the like, constituting records of sales and purchases which had never been properly entered. These provisions justified the entry of the agents to search and seize the documents, which must be kept under the law, and, if they are not kept, justified them in searching and seizing any documents containing evidence of sales or purchases which should have been entered as prescribed.

George L. Donnellan, of New York City, for petitioners.
David V. Cahill and Robert A. Peattie, both of New York City, for the United States.

LEARNED HAND, District Judge (after stating the facts as above). [1] Except for the character of the documents seized, the law in cases of unlawful searches is now well settled. Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Flagg v. U. S., 233 Fed. 481, 147 C. C. A. 367; Veeder v. U. S., 252 Fed. 414, 164 C. C. A. 338; United States v. Mills (C. C.) 185 Fed. 318. When seized, they must be returned, with them all copies taken while the officers retained their illegal possession. Furthermore, the prosecution may not use at the trial or in its preparation any information obtained from their scrutiny. Unless, therefore, the respondents can justify, the documents must be returned. They do justify: First, on the ground of the petitioners' consent, which presents an issue of fact; and, second, on the ground that, as the petitioners were wholesale liquor dealers and had taken out basic permits, the records kept by them were subject to inspection under sections 10 and 34 of title 2 of the Volstead Act and section 3318 of the Revised Statutes, and, if to inspection, then to the enforcement of that right without process, even to the extent of seizure. Farther they insist that, because the records were not properly kept, those papers were included within their powers which should have been transcribed into the records.

It is quite true that the officers had the right to inspect the records, and therefore the right to enter the place where they were kept. I shall for argument's sake further assume that, if the records were not kept as required, they had the right to inspect such other papers on the premises as recorded transactions which should have been transcribed into the records   It does not, however, follow from these

concessions that they had the right to break and enter, though the petitioners wrongfully refused to allow them to inspect, nor does it either follow that they had the right to seize the records and papers after an inspection.

[2] To take up the last first, it is clear that the right to inspect did not give the right to seize, and this is enough to require a return of the papers, though not of any copies taken or of any other information obtained from their custody. Since Silverthorne Lumber Co. v. U. S., supra, and Weeks v. U. S., supra, this right to retain copies is the nub of the case. There are sections of the Revised Statutes of long standing, e. g., sections 3276, 3065 (Comp. St. §§ 6016, 5768), authorizing similar officers to enter buildings, not dwellings, for the purpose of search, and at least in the case of persons situated as the petitioners there is no need to question their validity. Had this been a distillery, another question would arise. R. S. § 3276. The difficulty I find here is that there was no provision of law purporting to justify a forcible entry, and that without some such a search warrant was necessary. The officers' right to examine the records was to be enforced, so far as the statutes show, only by penalties; they had no right to enforce the duty specifically by force.

The distinction is authoritatively settled by Silverthorne Lumber Co. v. U. S., supra, where the records, being all corporate as I read the report, were subject to subpœna. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652; Wilson v. U. S., 221 U. S. 361, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558. The right to seize them in one way did not justify their violent seizure. U. S. v. Distillery No. 28, Fed. Cas. No. 14,966, and some language of In re Meader, Fed. Cas. No. 9,375, do indeed support the respondents' contention that the records at least, and perhaps the other papers, would be subject to subpœna, and nothing in Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, not even the dictum touching searches, contradicts it. But the Fourth Amendment does not touch the competency of proof, but the means used to get it, and here, therefore, the means are everything.

[3-5] It is apparent, therefore, that not only must the papers be returned, but any copies now in the possession of the respondents. A more difficult question arises to prevent any use of the information derived from their possession, a question which must not be interjected into the trial. Adams v. N. Y., 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575. The officials made the first unlawful move, and any confusion resulting from it they must undertake to clear up. The order must therefore provide that no testimony or other evidence of any transaction recorded in any of the papers seized shall be offered upon the trial unless the respondents can show that they got it independently of their wrongful possession. To settle this before trial some reference will be necessary to a master, who will make a record of all purchases and sales of liquor recorded in any of the papers surrendered, so that they may be identified if evidence is offered of them at the trial. No such transactions may be proved unless the respondents show before the master that they have independent proof not

derived from information contained in the papers. The expenses of that reference will be borne by the prosecution, through whose wrong the difficulty arose.

[6] I have throughout taken the issue of consent against the respondents. Obviously they must have the right to try it, and the issue cannot be decided upon affidavits. In the case at least of U. S. v. Bornstein they dispute the petitioner's version, and the trial of the issue must precede any order. It may be brought on at the criminal term on any convenient day and will be tried before the presiding judge without a jury.

[7] In the case of U. S. v. Kraus certain papers were seized on the person of one Kurtzmann, who was arrested while leaving the premises, carry concealed upon his person a number of papers, among them some of the government permits and invoices for liquor. In so doing he was assisting in the violation of section 34 of the Volstead Act and was guilty of a crime under section 29, as well as under Revised Statutes, § 3318. There can, I think be no question as to the government permits, and for reasons I shall state in a moment I make no distinction as to the other papers which showed the sales and purchases of liquor, even though not entered in a book as required by Revised Statutes, § 3318. The agents had the right to search Kurtzmann's person, having properly arrested him. This has always been a recognized incident of an arrest (Weeks v. U. S., supra, 232 U. S. 392, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177), and does not properly fall within the right of search and seizure at all. The officers need not stand by and see the evidence of crime carried off under their noses. The immunity from search presupposes that the evidence remains within the possessor's tenement, and it is that alone which "the king may not enter." The respondents need return none of these papers.

[8-10] As to the search warrant, though the petition contains loose allegations of its insufficiency, neither it nor its supporting papers are presented here, and I cannot assume that it is void. The failure to make return is only an irregularity which the petitioner may correct on motion; it is not like the failure to execute it within 10 days as required by section 11 of title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼k). Therefore the only question is of the right to seize the documents taken. This must rest upon subdivision 2 of section 2 of title 11 of the Espionage Act, or upon some section of the Revised Statutes of which the nearest perhaps is section 3462 (Comp. St. § 6364). Under section 35 of title 2 of the Volstead Act the regulations of that act are made complementary to the Revised Statutes, of which section 3318 prescribes that the failure of a wholesale liquor dealer to keep a book showing all sales and purchases of liquor shall constitute a crime punishable by three years' imprisonment, and therefore a felony. The books so required by section 3318 (forms 52–A and 52–B), if kept inaccurately or filled only in part, are certainly "property used as means to commit a felony" and subject to search warrant. It must be owned that the case is not so clear as to evidences of sales and

purchases that should have been transcribed into such books but were not. Yet it appears to me that documentary records used in the business, but not transcribed, are means used to avoid keeping the books, which is the crime itself. They become necessary, or at least convenient, in evading those entries which should be made. Therefore I hold that, when the books required under section 3318 are not kept or are kept insufficiently, all documents showing transactions which should be so recorded may be seized on search warrant under the pertinent provisions of the Espionage Act.

[11] It would follow that all documents seized on August 5th may be retained, except for one circumstance. Apparently the information on which the warrant was issued was obtained on August 3d at the time of the illegal search. If so, the warrant itself falls under Silverthorne Lumber Co. v. U. S., supra, and the respondents may not hold any documents seized under it. The validity of that warrant will therefore in the end turn upon the outcome of the issue as to whether the first search was by consent, and the information on which it was based was voluntarily got.

The petitions are, therefore, disposed of as follows: The respondents may notice for trial in the case of any one of them the issue whether the search was made with the consent of the person having actual possession of the premises or of some one authorized by him. In any case in which this issue goes against the respondents, or in which they do not choose to go to trial, an order will pass directing them to return all documents seized by them, and copies of the same, except such documents as were found on the person of Kurtzmann on August 3, 1920, at the search of Kraus' premises. After the issues are disposed of the causes will be referred to William Parkin, Esq., to examine and report on all sales and purchases of liquor recorded in all documents seized, and the prosecution will be limited in its proof of the indictments to other transactions. At the same time the respondents may show before the master, if they can and wish, that they have independent evidence of such transactions, as to which the master will report, and the order of limitation will not preclude their offer of such evidence. The costs of the reference will be borne by the respondents, and the trial of the indictments will be stayed till the final order is entered.

Enter order on notice.