## LAWSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 9, 1925.)

No. 3536.

1. **Criminal law** ⟜1130(2)—**Rule requiring reference in brief to page of transcript to. support statement of fact should be strictly adhered to.**

Circuit Court of Appeals rule No. 23, subd. 2(a), requiring reference in brief to page of transcript to support statement of fact therein appearing, should be strictly adhered to.

2. **Criminal law** ⟜395—**Evidence seized under void warrant inadmissible, unless situation justified search without warrant.**

Evidence seized under void search warrant is inadmissible, unless situation justified search without warrant.

3. **Arrest** ⟜71—**One lawfully arrested and place of arrest may be searched without warrant.**

One .lawfully arrested and place of arrest may be searched without warrant. contemporaneously with arrest.

4. **Searches and seizures** ⟜3—**Officer having probable cause to believe that contraband goods are being illegally transported in vehicle for search of which warrant not procurable, may make search without warrant.**

Officer having reasonable or probable cause to believe that contraband goods are being illegally transported in automobile or other vehicle, for search of which it is not feasible to secure warrant, may make search without warrant.

5. **Searches and seizures** ⟜3—**Officer may enter store or other public place without search warrant, and become witness to commission of crime necessitating action as officer.**

Officer cannot enter home to make search without warrant, but may enter store or other

public place without warrant, and become witness to commission of crime necessitating action as officer.

**6. Searches and seizures ⇐⇒3—Search of building without warrant not authorized without probable cause for belief that it contains contraband goods.**

Search of building without warrant is not authorized, unless officers have probable cause for belief that it contains contraband goods, and ordinarily occurs only when officer witnesses commission of offense.

**7. Searches and seizures ⇐⇒3—Facts known to officer before search without warrant must be such as to cause prudent man to believe that defendant is committing offense.**

Good faith is not equivalent to probable cause justifying search without warrant, but facts and circumstances known to officer before search must be such as to cause prudent or cautious man to believe that defendant is committing offense.

**8. Searches and seizures ⇐⇒3—Similarity of brands of tobacco and cigarettes sold in defendant's store to brands stolen from interstate shipment held not probable ground for belief that they were parts of such shipment.**

That brands of tobacco and cigarettes sold in defendant's soft drink parlor were similar to those of merchandise stolen from interstate shipment did not constitute probable grounds for belief that they were part of such shipment, so as to authorize search under void warrant.

**9. Searches and seizures ⇐⇒3—Large quantity of goods found on defendant's premises not considered on issue of probable cause for belief that they were part of interstate shipment.**

Large quantity of tobacco and cigarettes found on defendant's premises cannot be considered on issue of probable cause, for belief that they were part of interstate shipment, so as to authorize search under void warrant, as probable cause must appear before search is begun.

**10. Searches and seizures ⇐⇒3—Reasonable grounds to believe that defendants knew goods were stolen from interstate shipment necessary to authorize search under void warrant.**

To authorize search of defendant's premises for goods stolen from interstate shipment under void warrant, officers must have had, not only probable cause to believe that they were part of stolen shipment, but reasonable grounds to believe that defendants knew they were stolen from such shipment.

**11. Searches and seizures ⇐⇒3—Presence in defendant's store and sale in officer's presence of cigarettes, tobacco, etc., insufficient to establish probable cause for belief that defendant knew they were stolen from interstate shipment.**

Presence of cigarettes, tobacco, or automobile tire in defendant's store, and their sale to customers in presence of officer is insufficient to establish probable cause for belief that defendant knew they were stolen from interstate shipment, so as to authorize search under void

warrant; their possession not being unlawful in itself, as in case of intoxicating liquor.

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

Frank Roy Lawson, Clarence J. Lawson, and Fred Vogelsang were convicted of possessing personal property which they knew had been stolen from interstate shipment, and they bring error. Reversed and remanded.

George W. Sprenger, of Peoria, Ill., for plaintiffs in error.

Thos. Williamson, U. S. Atty., of Springfield, Ill., and Gertrude B. Warner, Asst. U. S. Atty., of Peoria, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The three defendants were convicted under an indictment charging them, in various counts, with the unlawful possession of personal property which to their knowledge had been stolen from a railroad while being transported in interstate commerce. There were various other charges set forth in the indictment, but as to them defendants were acquitted.

The only assigned error with which we will deal relates to the introduction of evidence which the government officers seized under a void search warrant. Objections were made to the reception of this evidence and to the oral testimony of the officers who made the search.

The record fails to set forth the search warrant or the affidavit upon which it was granted, and we are uninformed as to the ground of its illegality. The court declared it was void, and both counsel accept this ruling, but the reason for its invalidity is not disclosed.

[1] The briefs filed in this case are unfortunately of little help to the court. They totally ignore rule No. 23. No attempt has been made by either counsel to refer to the page of the transcript to support a statement of fact therein appearing. While opposing counsel differ as to the facts, they have rested their case upon their unsupported assertions. We call the attention of the bar to the rules announced by this court October 6, 1925, and we particularly ask for a strict adherence to rule No. 23, subd. 2 (a), respecting the preparation and submission of briefs. Compliance with the rule is not merely a matter of convenience to members of the court, but assists materially in the administration of justice.

[2] The search warrant being void, it was error to admit the evidence to which objection was made, unless the record discloses a situation which justified the officers in making a search without a warrant. Murphy v. United States (C. C. A.) 285 F. 801; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Carrol v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543; Agnello v. United States, 269 U. S. ——, 46 S. Ct. 4, 70 L. Ed. ——.

[3, 4] All searches and seizures are not prohibited by the Constitution, and the two most common and well-recognized instances where seizures may be justified without a search warrant are: (A) Where a person is lawfully arrested, he and the place where the arrest is made may be searched contemporaneously with the arrest. Carrol v. United States, and Agnello v. United States, supra. (B) Where the officer has reasonable or probable cause to believe that contraband goods are being illegally transported in a ship, motor boat, wagon, or automobile or other vehicle, and it is not feasible to secure a warrant, a search may be made without a search warrant. Carrol v. United States, supra. Neither of these two exceptions applies to the facts in this case.

But it is contended that there is a third exception to the rule, or, to word it differently, a third class of cases (to which the instant one belongs) wherein a search and seizure without a warrant may be legally conducted. The government states its position thus:

"It is the position of the government in this case that the search and seizure was a reasonable one; such a reasonable search as is contemplated by the Fourth Amendment to the Constitution, in that an offense was being committed in the presence of the officers. It is a felony to have in one's possession property, knowing the same to have been stolen, and if in possession of stolen property, the holder takes the chance that it is stolen interstate freight. This is the offense which the plaintiffs in error in this case were committing—having in their possession stolen interstate freight, knowing the same to be stolen."

[5] The Carrol and Agnello Cases stress the line of demarcation between a search for contraband goods in swiftly moving vehicles and the search of a nonmovable object like a store or a house. This distinction is emphasized when in the latter case lawful articles of merchandise instead of contraband goods are sought. Likewise, there is a marked difference between the rights of an officer entering a home and one entering a soft drink parlor. In fact, no officer has a right to enter a home without a warrant. Agnello v. United States, supra. He may enter a store or other public place without any search warrant. Being lawfully on the premises, he may become a witness to the commission of a crime (such as an unlawful sale of intoxicating liquor for beverage purposes) which will necessitate his acting as such officer. Ludwig v. United States (C. C. A.) 3 F.(2d) 231.

[6] But under- what circumstances may the officer act? Were such necessary facts present in the instant case? Carrol v. United States holds that, before a search of an automobile without a warrant may be had, the officers must have probable cause for believing that the vehicle contains contraband liquor. Certainly the search of a building should not be authorized upon less exacting conditions. Ordinarily the search and seizure occurs only when the officer witnesses the commission of the offense.

[7] But in the present case the facts impress us as not sufficiently persuasive of defendants' guilt. There were no probable grounds for believing an offense was being committed. "Probable cause," as here used, is defined in various ways in Carrol v. United States. Good faith is not its equivalent. The facts and circumstances before the officers must be such as to cause a prudent or cautious man to believe that the defendant is committing the offense. This probable cause must be determined by the existence of facts known to the officer before, not after, the search.

[8] In the present case, if you remove from the record the evidence of what the officers found upon the search, there is little but suspicion left.

The facts bearing upon the search may be briefly stated. There had been a theft from a railroad car on the Chicago & Alton Railroad at Pekin, Ill., and the merchandise (mostly cigarettes and tobacco) taken from the car were a part of an interstate shipment. An investigation by the government and local authorities caused them to suspect defendants' guilty participation in the crime.

A search warrant was obtained, and the officers went to the soft drink parlor of Clarence J. Lawson in the city of Pekin, and to the soft drink parlor of the other two defendants, located, a short distance from Pekin across the county line. At both places cigarettes, cigars, and chewing tobacco were sold. The officers made a search of the premises, and in both places found cigarettes, chewing

tobacco, and cigars which were in the aforesaid shipment. The identity of the stolen goods was established by the evidence obtained through the search of other parts of the premises under the void search warrant.

[9] We have searched in vain for evidence that tended to show that defendants knew the cigarettes were stolen. Certainly the possession of tobacco and cigarettes in a place where such merchandise is generally sold can create no inference that they came from a stolen interstate shipment. The additional fact that the brands were similar to those of the stolen merchandise was not sufficient to arouse a suspicion, to say nothing of probable grounds for belief. The government counsel refer to the large quantity found on the premises, but such fact cannot be considered, for "probable cause" must appear before the search is begun, not after it is completed.

[10] But if it be conceded that there was probable cause to believe these goods were a part of the stolen interstate shipment, the government's case had not been established. It was necessary that the officers have reasonable grounds to believe that the defendants knew the goods were stolen from the interstate shipment before they could proceed with their search without a warrant. There is not a scintilla of evidence that would, prior to the search and seizure, indicate to the officers that defendants knew they were in possession of stolen goods.

[11] The case is so readily distinguishable from one where the officers entered a soft drink parlor and witnessed the sale of intoxicating liquor for beverage purposes that discussion is hardly necessary. The sale of intoxicating liquor for beverage purposes is unlawful. Intoxicating liquor, when found in such a place, may be in and of itself, and particularly when supported by other facts, sufficient to establish the "probable cause" of which we have spoken. Not so with cigarettes, tobacco, or an automobile tire. Their presence in a store, and their sale to customers in the presence of officers, carries no evidence of criminality. But still more significant is the fact that in one case the possession is unlawful in itself; in the other the possession is unlawful only when the possessor knew the goods were stolen.

We conclude that the search and seizure were unlawful. The evidence obtained upon such search should not have been received.

The judgment is reversed, and the cause remanded for further proceedings according to law.