## In re LOBOSCO.

(District Court, E. D. Pennsylvania. March 26, 1926.)

No. 12070.

**1. Intoxicating liquors ⬤101.**

Under National Prohibition Act, tit. 2, § 34 (Comp. St. Ann. Supp. 1923, § 10138½u), right to inspect druggist permittee's records includes right to inspect also his liquor supply.

**2. Criminal law ⬤395—Searches and seizures ⬤7—Search and seizure of liquor in drug store by officer there to inspect records required to be kept held unreasonable, and liquor seized inadmissible in evidence (National Prohibition Act, tit. 2, § 34 [Comp. St. Ann. Supp. 1923, § 10138½u]; Const. Amend. 4).**

Where prohibition agent, entering drug store to inspect records required to be kept by druggist as permittee under National Prohibition Act, tit. 2, § 34 (Comp. St. Ann. Supp. 1923, § 10138½u), entered inclosure marked "Private" and seized a quantity of liquor, *held*, in absence of any irregularity in druggist's records, or of other evidence of offense committed in agent's presence, search and seizure were unreasonable and unlawful, under Const. Amend. 4, and liquor seized inadmissible in evidence.

**3. Searches and seizures ⬤3.**

Officer lawfully on premises, on becoming witness to commission of crime, may seize instrumentality of crime without search warrant.

**4. Searches and seizures ⬅3.**

Probable cause for believing offense is being committed must exist before, and not after, search of building.

**5. Searches and seizures ⬅7.**

Const. Amend. 4, must be liberally construed to protect citizens from slight deviations from legal procedure.

**6. Criminal law ⬅692—Druggist, furnishing bottles in which to carry away liquor unlawfully seized, held not to have waived his constitutional rights.**

Druggist, furnishing prohibition agents bottles in which to carry away liquor unlawfully seized, *held* not to have thereby waived his constitutional rights to have use of such liquor as evidence suppressed.

Petition by William A. Lobosco for rule to show cause why use of seized liquor as evidence should not be restrained. Rule made absolute.

David S. Malis, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., and Bertram I. De Young, Asst. U. S. Atty., both of Philadelphia, Pa., for the United States.

THOMPSON, District Judge. From the petition and answer, and admissions at the hearing, the following facts appear:

The petitioner is a druggist holding a permit to use alcohol in his business, conducted at a drug store in the city of Philadelphia. On February 25, 1926, several prohibition agents entered the defendant's store to make an inspection of the liquor on hand and his records required to be kept by section 34 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½u). The prohibition agents made themselves known as such, one of them, Hugh Hays, Jr., exhibiting his badge, and, while the petitioner was engaged in conversation with some of the agents in the upper part of the building, Hays, who remained in the store, went back into an inclosure marked "Private," separating the drug store from the storeroom used for the storing of drugs, made a search of that part of the premises, and found, seized, and took possession of a pot containing about one gallon of liquid. He took a sample and found it to contain upward of 37 per cent. of alcohol artificially colored. When Lobosco returned from the upper part of the premises, Hays inquired where he obtained the liquid. Lobosco stated it had been given to him by a friend, and that he (Lobosco) was going to take it to a party that evening. Hays then seized the alcohol, obtained two bottles from

Lobosco, poured the alcohol into the bottles, and took it away with him. Upon the strength of the evidence, consisting of the liquor so seized, he swore to an affidavit upon which a warrant issued charging Lobosco with rectifying distilled spirits without payment of the government tax. Hays had not obtained a warrant authorizing him to search the premises and seize any articles found there.

[1, 2] The records of the petitioner as a permittee were, under section 34, subject to inspection at any reasonable hour. Under the authority of the Commissioner to make regulations for carrying out the provisions of the National Prohibition Act, the right of inspection of the records of a permittee necessarily carries with it the right to inspect the supply of liquor obtained under the permit, in order to determine whether liquor lawfully obtained has been disposed of unlawfully. Otherwise the inspection of records would be a useless formality. It does not appear, however, that the records of the defendant showed any unlawful disposition of alcohol possessed by him under his permit, nor that there was any irregularity in the records.

It is contended on the part of the government that the agents, being lawfully upon the premises under a right to inspect the petitioner's records and his stock of alcohol obtained under his permit, could lawfully seize any article, the possession of which showed an offense committed in the presence of the agent. But Congress, in conferring power to inspect the records of a permittee, did not substitute the right of inspection of what is obtained under a permit, for a search warrant, where search and seizure without a warrant is unreasonable, in violation of the rights of the people under the Fourth Amendment.

[3] The question, then, is whether the search by Hays within the inclosure marked "Private," and the seizure of what he found upon the search, was an unreasonable search and seizure. It has not been the disposition of the courts to extend the right of search under the pretext of the searching officer of lawful entry and presence upon the premises. The part of the premises commercially used as a store may be lawfully entered without a search warrant. The agents were therefore lawfully in that part of the premises, even without the additional authority they had of inspection. Being lawfully on the premises, an officer may become a witness to the commission of a crime, and may thereupon seize the article constituting the in-

strumentality of the crime without obtaining a search warrant. Lawson v. United States (C. C. A.) 9 F.(2d) 746. There was not in this case, as in Ludwig v. United States (C. C. A.) 3 F (2d) 231, any evidence of violation of the law in the part of the premises in which the agent was left by Lobosco when the latter went to the upper floor with the other agents.

[4] In Carroll v. United States, 45 S. Ct. 280, 267 U. S. 132, 69 L. Ed. 543, 39 A. L. R. 790, the court emphasized the necessary difference between the search of a store, dwelling house, or other structure, in respect of which a proper official warrant readily may be obtained, and a search of a ship, motorboat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. In searching a building, there must be probable cause for believing an offense was being committed upon the premises before, and not after, the search. Lawson v. United States, supra. In that case, the officers were proceeding upon a void search warrant, and found in the possession of the defendants property stolen from an interstate freight shipment. As the stolen property was found without a lawful search warrant, and the search was based upon probable cause, known to the officer, not before, but only after, the search, the evidence so obtained was held to have been improperly received. In this case the evidence of the offense charged was obtained upon the search, and no probable cause existed prior to the search upon which a search warrant could have been lawfully obtained.

[5] In applying the protection afforded by the Fourth Amendment, liberal construction of its provisions is necessary to protect the citizen from the slight deviations from legal modes of procedure resulting in unlawful and unconstitutional practices by means of silent approaches, and such slight deviations under extenuating circumstances as are condemned by the Circuit Court of Appeals of this Circuit in Legman v. United States, 295 F. 474. As was there said:

"It is therefore the duty of courts to be watchful for stealthy encroachments against the constitutional rights of citizens (Boyd v. United States, supra [6 S. Ct. 524, 116 U. S. 616, 29 L. Ed. 746]), and this watchfulness applies to the administration of the National Prohibition Act, just as to any other law."

As the search and seizure was without a search warrant, and without evidence of reasonable or probable cause of the commission of an offense in the presence of the agent, prior to making the search and seizure, the search was unlawful. There is no evidence here even that the records were not properly kept, and the right of inspection, in the absence of such conditions of the records, afford no justification for the search. The right to inspect did not give the right to seize. United States v. Kraus (D. C.) 270 F. 578.

[6] It is contended, however, that the defendant, through voluntarily permitting the agents to carry away the liquor seized, and supplying them with bottles in which to carry it away, waived his constitutional rights. But the prohibition agent invaded the private part of the defendant's store without warrant of law. He had, when he first came upon the premises, exhibited his badge and informed the petitioner that he and the other officers with him were prohibition officers. The seizure being unlawful in its inception, the petitioner cannot be held to have waived his rights through failure to protest against the carrying away of the liquor seized, or through compliance with what any citizen in the presence of officers of the law would have deemed a demand, rather than a request, and resistance or protest upon his part would, in his mind, in all probability have led to more aggressive action on the part of the officers. Dukes v. United States (C. C. A.) 275 F. 142.

The attorney for the plaintiff, upon the argument, stated that he did not insist upon a return of the liquor seized. In making the rule absolute, therefore, the restraining order will be directed only against the use of the seized liquor as evidence.

Rule absolute.