## STEINE v. UNITED STATES.
### No. 4668.

Circuit Court of Appeals, Seventh Circuit.
April 26, 1932.

I. R. Wasson, of Peoria, Ill., for appellant.

Frank K. Lemon, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The attack upon the judgment appealed from is limited to the alleged improper reception of evidence seized by prohibition agents without a search warrant.

The record disclosed the following facts:

Steine owned and operated a drug store in Peoria, Ill. Anonymous complaints had been received by the prohibition agents to the effect that liquor was being illegally sold at this store. On December 31, 1930, two prohibition agents made observations from a nearby building concerning the doings in the drug store, as evidenced by the conduct of those who came out the back door into an alley leading therefrom. Two persons in a state or stage of inebriation were seen to

stagger down the alley, and shortly thereafter appellant also came out in somewhat the same condition. This was about 4 or 4:30 o'clock in the afternoon. That evening at his dinner, the prohibition agent received another complaint over the telephone from an anonymous source. He thereupon called together four deputy prohibition agents, and about 9 o'clock in the evening they went to the drug store. Two went to the rear, and the others entered through the front door. The two approaching the rear door did not enter until those in the front were seen scuffling with the drug clerk in the prescription portion (the back part) of the drug store.

One of the agents who entered the front door bought some candy of the clerk in charge. He then stated he was a prohibition agent and was going to look over the back room. This was the prescription room, and, to reach it, the agent had to go behind the counter. Before doing so, the agents testified that they could not smell alcohol. In the prescription part of the drug store, the agent picked up a bottle which the drug clerk immediately attempted to take from him. In the scuffle, the cork came out and some liquor was spilled on the floor. The bottle contained gin. A further search of the premises revealed another quart bottle half full of gin in the back room, and in the basement in a burlap sack there were five one-gallon bottles of alcohol.

■ From these facts, we conclude that (a) the agents' entry into the front of the drug store was lawful; (b) their entry into the back room, the prescription room, was the beginning of a search by the prohibition agents, the lawfulness of which depended upon (1) the existence of a valid search warrant, or (2) the existence of evidence from which the prohibition agents could reasonably conclude by one of their own five senses that an offense was being committed in their presence at the time; (c) the fact situation, as far as the prohibition agents were concerned, did not change between 4 o'clock and 9 o'clock; and (d) there was ample time within which to secure a search warrant before making the search.

■ The validity of a search without a valid warrant must be determined by a study of the facts of each case, and at the same time it must be appreciated that not all such searches, but only the unreasonable ones, are prohibited. Two decisions of this court are illustrative. Lawson v. United States, 9 F. (2d) 746; Schnorenberg v. United States, 23 F.(2d) 38.

A drug store is a place where liquor is ordinarily kept and where its possession is usually lawful, and therefore is to be distinguished from a soft drink parlor and other like places in its suggestiveness of guilt. Brock v. United States, 12 F.(2d) 370 (C. C. A. 8); In re Lobosco (D. C.) 11 F.(2d) 892, 893. Both of these cases deal with drug store searches without warrants, and emphasize the foregoing observations.

■ Assuming, as we must, that the search began when the prohibition agents went into the prescription part of the store, the conclusion that the searchers were not justified in their action is unavoidable. There was nothing that they had observed, seen, heard, or smelled which indicated that a crime was being committed in the building *at the time*. The evidence which may have been sufficient to warrant their application for, and the securing of, a valid search warrant was not sufficient to establish probable cause for belief that a crime was *then* being committed in their presence,—a prerequisite to the validity of a search without a warrant.

The judgment is reversed, with directions to grant a new trial.