UNITED STATES of America
v.
David PACK.
UNITED STATES of America
v.
Harry PACK.

Criminal A. Nos. 757, 837, 758, 838.

United States District Court
D. Delaware.

Nov. 1, 1956.

Leonard G. Hagner, U. S. Atty., H. Newton White, Asst. U. S. Atty., Wilmington, Del.; George Willi, Sp. Asst. to the Atty. Gen., and Fred G. Folsom, Atty. Dept. of Justice, Washington, D. C., for plaintiff.

S. Samuel Arsht, of Morris, Steel, Nichols & Arsht, Wilmington, Del., for defendants.

RODNEY, District Judge.

The present questions arise from a hearing to determine the form of an order to be entered pursuant to an opinion of this Court. The opinion is reported

in D.C., 140 F.Supp. 121 and all the material facts are there set out. Briefly, the matter concerned motions of the defendants for the suppression, in these criminal proceedings, of evidence obtained by the Government from the defendants after the defendants had voluntarily produced all of its books, records and papers and furnished information pursuant to a "voluntary disclosure" in accordance with the, then, expressed policy of the Government.

The defendants seek to have the orders include four paragraphs, several of which will be discussed.

1. The first paragraph is not controverted and will not be discussed.

2. The defendants seek to include in the order:

"2. The United States shall, not later than ten days after the date of this order, return to the defendant or his attorney all books, records, correspondence, documents and other papers, and any copies of or excerpts, notations or computations from any thereof now in the possession of the United States or any department, agency, officer or employee of the United States which are described or referred to in the aforesaid motion to suppress, opinion, findings of fact and conclusions of law."

I am informed that all originals have been returned but that the Government has in its possession certain copies of entries with notations and computations and it is these that are sought to be returned.

It will be borne in mind that the Government did not unlawfully obtain possession of or access to the books, documents or other information or obtain them against the will of the defendants. All this material was voluntarily offered and produced by the defendants in an examination in connection with income tax returns. All that this Court held in its opinion was that this information produced, as it was, pursuant to a "voluntary disclosure" could not be used in a criminal prosecution against the defendants, in violation of the 5th Amendment to the Constitution of the United States.

There was not, in the opinion heretofore filed, anything, explicit or implicit, that the matter might not be used in a civil proceeding or otherwise than in contravention of the constitutional provision. Since the records and copies were voluntarily made available to the Government for any proper use and have only been suppressed as to any improper use the copies will not be ordered returned. This is in line with the view of the Seventh Circuit in Homan Mfg. Co. v. Russo, 233 F.2d 547, 550, where, in a somewhat analogous proceeding, the suppression order was considered in the nature of "a procedural step in the criminal proceeding * * * and was not an order of permanent general outlawry against all use of the documents involved."

The copies will not be ordered to be returned.

3. The differences as to the Third paragraph were adjusted at the argument and will not be further considered.

4. The defendants seek to include in the order the following:

"4. No testimony or other evidence of any transaction, condition or situation recorded in any of the books, records, correspondence, documents or other papers mentioned in the aforesaid motion, opinion, findings of fact and conclusions of law or verbally or otherwise communicated or disclosed by the defendant or his attorneys, accountants or agents to any agent or officer of the United States shall be offered by the United States upon the trial of this action * unless the United States shows to this Court, not later than twenty days from the date of this order, that it has independent proof of such transaction, condition or situation not derived, directly or indirectly, from information contained in such books, records, correspondence, documents or other papers or

verbally or otherwise communicated or disclosed to any agent or officer of the United States by the defendant or his attorneys, accountants or agents."

No substantial objection is made to the content of the paragraph down to the asterisk, so the remaining portion must receive consideration.

The defendants base their contention as to the remaining portions of the suggested order on United States v. Kraus, D.C., 270 F. 578. The facts of the cited case, however, differ so materially from the case at bar as to substantially lessen its relevancy. In the cited case the seizure of the papers was by force and illegal. In the present case the possession by the Government was accomplished by the voluntary act of the defendants and their use in a civil case was not unlawful, but their interdiction related only to their use in the criminal case by virtue of the express agreement of the Government. In the cited case prosecution was to be had concerning sales and purchases of liquor, partly evidenced by papers illegally seized and ordered to be returned. A Master was appointed to ascertain what purchases or sales were recorded in any of the papers unlawfully obtained and the prosecution was compelled to show before the Master the independent proof not disclosed in the papers so seized. Such proceeding would seem to be in the nature of a pre-trial hearing before a master and in a criminal proceeding and requiring one party alone to disclose the evidence upon which it would rely.

█ Discovery process by a defendant in a criminal case in United States Courts is largely confined to the purview of Rule 16 of Federal Rules of Criminal Procedure, 18 U.S.C.A., supplemented to a limited extent by Rule 17(c). United States v. Bowman Dairy Co., 7 Cir., 185 F.2d 159, reversed 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 and cases therein cit-

ed.[1] The procedure sought by the defendants in the proposed order extends that discovery process beyond the stipulated bounds.

█ This Court has said that the evidence obtained by the Government from the defendants under the "voluntary disclosure" could not be used against them in this criminal trial. This Court has enjoined the prosecution from such use and has every confidence that its injunction will be obeyed. If, however, the injunction should not be observed, this Court feels entirely competent to meet the situation as it then develops.

The concluding portion of paragraph four will not be adopted and the remaining portion is covered by other provisions of the order.

---

1. See also Shores v. U. S., 8 Cir., 174 F.2d 838, 843, 11 A.L.R.2d 635; Cases collected in People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 156 N.E. 84, 52 A.L. R. 207 and 60 Yale Law Journal 626.