UNITED STATES, Appellant,

v.

David PACK, Appellee.

UNITED STATES, Appellant,

v.

Harry PACK, Appellee.

Nos. 12229, 12231, 12230, 12232.

United States Court of Appeals Third Circuit.

Argued June 10, 1957.

Decided July 31, 1957.

See also 146 F.Supp. 367, 150 F. Supp. 262.

Fred G. Folsom, Washington, D. C., for appellant.

S. Samuel Arsht, Wilmington, Del., for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Appellees, by their motion to dismiss, have raised the issue as to whether this Court has jurisdiction to entertain the government's appeals from Orders of the trial court dismissing, for want of prosecution, four criminal indictments against the appellees for wilful evasion of income taxes.

The Orders were made after a hearing, on appellees' motions, seeking among other things, bills of particulars and "a speedy trial", at which government counsel had stated that because preceding orders [1] suppressing evidence had "virtually wiped out substantially all the Government's evidence * * * we are not ready for trial, and we will not be ready for trial in the foreseeable future."

The appellees premise their motion to dismiss on grounds which may be summarized as follows: (1) the government "suggested, openly invited, and in substance and effect, moved for and consented to" the dismissal Orders; (2) the government failed to take exception to the Orders as required by Rule 51 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. and (3) the appeals are not authorized by statute.

In reply, the government, in its brief, asserts (1) the Orders of dismissal were entered by the Court below *sua sponte* in exercise of its authority under Rule 48(b) of the Federal Rules of Criminal Procedure "because of the Government's conceded inability to bring the appellees to trial without unnecessary delay"; (2) "the prosecutor's indication of hope that the District Court would dismiss the cases so that the Government might make an effort to appeal the court's suppression of evidence order" was preceded by his express refusal to move for a dismissal of the indictments and accordingly could not be considered as a "consent"; (3) the government complied with the requirement of Rule 51; and (4) express statutory authority to file the instant appeals is conferred by the Criminal Appeals Act as amended, 63 Stat. 97, 18 U.S.C. § 3731.

The district court, it may be noted, made it plain in its opinion [2] relating to the dismissal Orders that it was seeking to find a way to provide for appellate review of its earlier suppression of evidence rulings.[3] Rather oddly, it stated

---

1. United States v. Pack, D.C.D.Del.1956, 140 F.Supp. 121 and United States v. Pack, D.C.D.Del.1956, 146 F.Supp. 367.

2. 20 F.R.D. 209, 213.

3. Said the district court: "This Court, by its order of suppression of evidence, has taken from the government the use of all evidence derived from the defendants' books, papers, personal interviews, and other transactions, and the government concedes it has no other substantial evidence in the case. This Court adheres to its view that, under the pertinent law and facts, the order of suppression was proper. Under present circumstances it would seem that the correctness of this Court's conclusion could not be reviewed. The proper administration of justice requires that in an important

in a footnote (No. 6) that "This was the course pursued by the District Court as reported in United States v. Janitz, 3 Cir., 161 F.2d 19", and while that is so, this Court, in that case, specifically rejected the government's contention that such a procedure could open the way to appellate review because of want of jurisdiction. In doing so we stated (at page 21):

"We think it is clear from the recital of the facts already set out that *the learned Judge's order of dismissal was not based on any objection brought against the indictment at all. The defendants had made no attack on the indictment.* The Government's case failed because it had no testimony to support it. We think this is not the kind of a judgment to which the Criminal Appeals statute is directed." (Emphasis supplied.)

The government urges that the Janitz case is distinguishable from the instant situation, and, even assuming otherwise, that it is not dispositive because the Criminal Appeals Act there construed has since been amended so as to create appellate jurisdiction.

That brings us to the critical issue as to whether the Criminal Appeals Act in effect at the time of our decision in the Janitz case in 1947 was so revised in 1948 as to vest us with jurisdiction in the instant appeals. The other points presented, later discussed, do not bear on the issue of appealability but rather on the permissible scope of review should jurisdiction exist.

The pertinent section of the Criminal Appeals Act in effect at the time of the Janitz decision (Act of May 9, 1942, c.

295, § 1, 56 Stat. 271, 18 U.S.C., 1946 ed., Sec. 682) provides:

"An appeal may be taken by * * * the United States from the district courts to a circuit court of appeals * * * in the following instances, to wit:

"From a decision or judgment quashing, setting aside, or sustaining a demurrer or plea in abatement to any indictment * * * except where a direct appeal to the Supreme Court of the United States is provided by this section."

As now amended (18 U.S.C., § 3731) the Criminal Appeals Act provides:

"An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section."

The present Section 3731 was codified into law in 1948 as part of the 1948 Revision of the Criminal Code.[4] The purpose of the revision of Title 18 of the United States Code was "the substitution of plain language for awkward terms, reconciliation of conflicting laws, omission of superseded sections, and consolidation of similar provisions." H.R.Rep. No. 304, 80th Cong., 1st Sess. (1947). With respect to the revision of former Section 682, the predecessor of Section 3731, it should first be noted that the revisers worked against the background of the Federal Rules of Criminal Procedure which had been adopted in 1944. Rule

---

matter the correctness of legal conclusions may be reviewed for no defendant can acquire valid rights from an erroneous legal conclusion.

"Having in mind that the matter has been long delayed and that the government concedes that at no time in the foreseeable future it would have any evidence, other than that suppressed, sufficient to

bring on the trial, so I am of the opinion that pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure the four cases should now be dismissed."

4. Act, June 25, 1948, c. 645, 62 Stat. 844. The 1949 amendment, Act, May 24, 1949, c. 139, Sec. 58, 63 Stat. 97, merely conformed the language of the 1948 Act to the changed nomenclature of the courts.

12 abolished motions to quash, demurrers and pleas in abatement and provided that "defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these rules." Thus in the Reviser's Note to Section 3731 it was stated: "Minor changes were made to conform to rule 12 of the Federal Rules of Criminal Procedure." 18 U.S.C.A. § 3731, p. 448. And, in H.R.Rep. 304, supra, the following comment is made with reference to the Reviser's Notes:

"The reviser's notes are keyed to sections of this bill and explain in detail *every* change made in text. In many instances they are supported by references to court decisions and State statutes." (Emphasis supplied.)

In Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786, the Supreme Court had before it the question of whether 28 U.S.C. Section 1400(b) was the exclusive provision governing venue in patent infringement actions, or whether that section was supplemented by 28 U.S.C. Section 1391(c). Prior to the enactment of those sections it had been held with respect to their predecessors that the forerunner of Section 1400 was exclusively applicable to patent infringement actions. Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. Therefore the issue was whether there had been any substantive change in the statute since the Stonite case. After reviewing the Revisers' Notes to the 1948 revision of the Judicial Code, the Court concluded (353 U.S. at pages 227–228, 77 S.Ct. at page 791):

"In the light of the fact that the Revisers' Notes do not express any substantive change, and of the fact that several of those having importantly to do with the revision say no change is to be presumed unless clearly expressed, and no substantive change being otherwise appar-

ent, we hold that 28 U.S.C. § 1400 (b), 28 U.S.C.A. § 1400(b) made no substantive change from 28 U.S.C. (1940 ed.) § 109 as it stood and was dealt with in the Stonite case."

For the same reasons we must hold that Section 3731 made no substantive change from Section 682 as it provided and was dealt with in the Janitz case. That the decision in the latter case has survived the enactment of Section 3731 is indicated by its citation in footnote 19 in the recent case of Carroll v. United States, 1957, 354 U.S. 394, 77 S.Ct. 1332. There it was held that 28 U.S.C. Section 1291 did not vest appellate courts with jurisdiction to entertain appeals from suppression of evidence rulings by a district court.

In doing so, Mr. Chief Justice Warren, speaking for the court, made this pertinent statement (354 U.S. p. 399, 77 S.Ct. at page 1336):

"It is axiomatic, as a matter of history as well as doctrine, that the existence of appellate jurisdiction in a specific federal court over a given type of case is dependent upon authority expressly conferred by statute. And since the jurisdictional statutes prevailing at any given time are so much a product of the whole history of both growth and limitation of federal-court jurisdiction since the First Judiciary Act, 1 Stat. 73, they have always been interpreted in the light of that history and of the axiom that clear statutory mandate must exist to found jurisdiction. It suffices to cite as authority for these principles some of the cases in which they have been applied to the general problem now before us, the availability of appellate review sought by the Government in criminal cases. * * *

"There is a further principle, also supported by the history of federal appellate jurisdiction, that importantly pertains to the present problem. That is the concept that in the federal jurisprudence, at least, appeals by the Government in crim-

inal cases are something unusual, exceptional, not favored. The history shows resistance of the Court to the opening of an appellate route for the Government until it was plainly provided by the Congress, and after that a close restriction of its uses to those authorized by the statute."

And at page 407 of 354 U.S., 77 S.Ct. at page 1340, the Court stated:

"If there is serious need for appeals by the Government from suppression orders, or unfairness to the interests of effective criminal law enforcement in the distinctions we have referred to, it is the function of the Congress to decide whether to initiate a departure from the historical pattern of restricted appellate jurisdiction in criminal cases. *We must decide the case on the statutes that exist today, in the light of what has been the development of the jurisdiction. It is only through legislative resolution, furthermore, that peripheral questions regarding the conduct of Government appeals in this situation can be regulated.*" (Emphasis supplied.)

The above affirms the rationale of our holding in the Janitz case. There Judge Goodrich, speaking for this Court, stated (161 F.2d at page 21):

"We bear in mind the undisputed proposition that the Government's appeal must be based upon a right given in the statute if it is to have one."

Until the Congress plainly provides that the government may appeal from the dismissal of an indictment irrespective of the reasons motivating such dismissal, appellate courts lack jurisdiction to entertain an appeal such as is here involved.

The government's contention that the Janitz case is distinguishable from the instant situation is without merit. The asserted "distinguishing" factors played no part in the Janitz decision.

Similarly, the appellees' contentions that the government "suggested, openly invited, and in substance and effect, moved for and consented to" the dismissal Orders and that the government failed to take exception to such Orders as required by Rule 51 are not pertinent to the determination of the issue as to this Court's jurisdiction to entertain the government's appeals.

These contentions relate exclusively to the scope of appellate review and not to the jurisdictional issue. The circumstances of solicitation and consent to the dismissal of the indictments and the government's failure to except to such dismissal would, of course, require consideration in determining the questions presented on appeal if there was jurisdiction to entertain the appeal.

The cases cited by the appellees in support of their motion to dismiss the appeals are inapposite to the issue of jurisdiction. Indeed in all of them the appellate courts entertained the appeals and merely limited the scope of review to issues which could with legal propriety be determined.

Pacific Railroad Co. of Missouri v. Ketchum, 1880, 101 U.S. 289, 25 L.Ed. 932, heavily relied on by the appellees as requiring dismissal of the government's appeals on the ground of consent to the trial court's dismissal Orders, is clearly to the contrary and is indeed dispositive of the appellees' contentions.

In that case the Supreme Court stated (101 U.S. at page 295):

"If, when the case gets here, it appears that the decree appealed from was assented to by the appellant, we cannot consider any errors that may be assigned which were in law waived by the consent, *but we must still receive and decide the case.* If all the errors complained of come within the waiver, the decree below will be affirmed, *but only after hearing.* We have, therefore, jurisdiction of this appeal." (Emphasis supplied.)

For the reasons stated the appellees' motion to dismiss the appeals will be granted.