**UNITED STATES of America,**
**Plaintiff,**

v.

**Paul J. LE CLAIR, Defendant.**

**No. 69–CR–44.**

United States District Court,
E. D. Wisconsin.

Aug. 5, 1970.

Meldman Limited, by Robert E. Meldman, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Mr. Le Clair has moved for an order which would require the United States to return to him all books and documents which were improperly seized during an illegal search. The government points out that it has already returned to him all *original* books, records and documents; at issue is the question of Mr. Le Clair's right to have returned all photocopies and microfilm copies of the seized records and documents.

At the conclusion of the evidentiary hearing on June 29, 1969, this court determined that certain evidence had been unlawfully seized by the United States, and on July 8, 1969 the court entered an order suppressing such evidence. Thereafter, on December 23, 1969, the indictment against Mr. Le Clair was dismissed upon motion of the United States. In its decision after the evidentiary hearing, the court described the agent's unauthorized entry into the private desk drawers of Mr. Le Clair as "outrageous".

Although the government asserts a number of reasons for opposing the return of the copies and microfilms, none of the arguments advanced are persuasive. In my opinion, the more compelling position is that asserted by the court of appeals in Goodman et al. v. United States et al., 369 F.2d 166, 168 (9th Cir. 1966):

"Assuming, arguendo, that the searches or seizures were unlawful, we must consider whether the copies must be returned to the appellants in addition to the originals. We hold that they must.

" 'The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all.' Silverthorne Lumber Co.

v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Following this holding, Judge Learned Hand in United States v. Kraus, 270 F. 578 (S.D.N.Y.1921), ruled that copies must be returned along with the originals if the Fourth Amendment is to mean anything, and this court, and others, have followed that rule. Boren v. Tucker, 239 F.2d 767 (9th Cir. 1957); In re Sana Laboratories, Inc., 115 F.2d 717 (3rd Cir. 1940), cert. denied sub nom. Sana Laboratories v. United States, 312 U.S. 688, 61 S.Ct. 615, 85 L.Ed. 1125 (1941); United States v. Pack, 146 F.Supp. 367 (D. Del.1956), appeal dismissed, 247 F.2d 168 (3rd Cir. 1957)."

The seizure was blatantly unlawful, and the government is not entitled to retain either the originals or any copies which may have been made from such originals by the government. Mr. Le Clair is entitled to have both his property and his privacy protected in this situation.

Now, therefore, it is ordered that the motion of the defendant, Le Clair, be and hereby is granted.