## FLEET YOUNG *v.* THE STATE.

CRIMINAL LAW. *Indictment.* An indictment is good which charges that the defendant did "publicly use profane and blasphemous and obscene language in the hearing of divers citizens so as to become a nuisance, to-wit," setting out the words.

### FROM WILSON.

Appeal in error from the Circuit Court of Wilson county. ROBT. CANTRELL, J.

—— WILLIAMSON for Young.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The plaintiff in error was indicted for that he did "publicly use profane and blasphemous and obscene

language in the hearing of divers citizens so as to become a nuisance, to-wit, the said Young called Wm. Wilkerson a " — setting out the words. The plaintiff in error moved to quash the indictment on the ground that no place and but one offense was charged. The motion was overruled, and the plaintiff in error was arraigned, tried and convicted. From the judgment rendered he has appealed in error.

The record contains no bill of exceptions, and the error relied on for reversal is in the action of the court below upon the motion to quash the indictment.

The gravamen of the offense of using profane, obscene or blasphemous language is in its being a public or common nuisance. The averment to the common nuisance, or its equivalent, is essential: *Gaines* v. *State,* 7 Lea, 410. All else is comparatively unimportant except the language uttered or its substance, for it is obvious that the utterance could not be a nuisance unless it was in the presence of other persons, whose presence would make any place for the occasion public: *Hackney* v. *State,* 8 Ind., 494. The averment that the words were uttered "in a public place" to the common nuisance of the citizens, has been held sufficient: *State* v. *Graham,* 3 Sneed, 134; *State* v. *Steele,* 3 Heis., 135; *Gaines* v. *State,* 7 Lea, 410. So have the words: "In public and in the hearing of divers citizens": *Bell* v. *State,* 1 Swan, 42. In the analogous case of a public nuisance occasioned by drunkenness, an averment that in or at a town named the defendant was openly drunk to the disturbance of the public peace, is good: *Tipton* v. *State,* 2 Yer., 542;.

Young *v.* The State.

*State* v. *Smith*, 3 Heis., 465. The language of the indictment, in view of these authorities, does sufficiently meet the requirements of the law· in regard to place.

A single act of profanity would not, ordinarily, be sufficient to convict a defendant. But, as we have said, even a single oath, either by its terms, its tone or manner, or the circumstances under which it was uttered, might be a nuisance: *Gaines* v. *State*, 7 Lea, 110. Whether it was or not would be a question for the jury under a proper charge. The question, therefore, upon the second ground of the motion to quash, is whether the indictment should expressly charge that the oath was repeated more than once, or set out the circumstances by reason of which the single oath would have become a nuisance. But it would be difficult to embody in an indictment the tone and manner of utterance, or the variety of circumstances which would go to make a single oath a nuisance. No such particularity is now required in indictments for misdemeanors. The older authorities were more rigid: *State* v. *Baldwin*, 1 D. & B., 195. See that case distinguished in *State* v. *Crisp*, 85 N. C., 528. An indictment in the usual form would be good, under which the offense must be made out by the proof: *State* v. *Odom*, 2 Lea, 220. It was so made out in this case.

Affirm the judgment.