## LUDWIG v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 11, 1924.)

No. 3425.

1. **Criminal law** ⬦395—**Liquor seized by state officer held admissible in evidence in federal court.**

Under the law of Wisconsin, which provides for the licensing of dealers in nonintoxicating beverages, and that state prohibition enforcement officers may enter and inspect the licensed premises at any reasonable time without a warrant, intoxicating liquor found and seized by such an officer in licensed premises, though without a warrant, is admissible in evidence in a trial in a federal court.

2. **Intoxicating liquors** ⬦249—**That federal agents accompanied a state officer when he seized liquor held not to render search warrant necessary.**

Where a state officer entered defendant's place of business, as he was authorized to do by the state law, and there found and seized intoxicating liquor, the fact that he was accompanied by federal agents did not render a search warrant necessary.

3. **Intoxicating liquors** ⬦249 — **Prohibition agents, finding evidence of violation of law in open saloon, are justified in seizing the same without a warrant.**

No search warrant was necessary to entitle prohibition agents to enter a place conducted as a saloon, and where they there observed obvious violations of the law, they were justified in searching for and seizing evidence of the same.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Mike Ludwig was convicted of manufacturing and possessing intoxicating liquor, and he brings error. Affirmed.

A. W. Richter, of Milwaukee, Wis., for plaintiff in error.

Roy L. Morse, of Milwaukee, Wis., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant was indicted and convicted of manufacturing and possessing home brew beer with an alcoholic content in excess of one-half of 1 per cent. The government's case was established by the testimony of prohibition agents and the samples of liquor taken when the premises were visited prior to the return of the indictment. The testimony left no room for doubt as to defendant's guilt.

Defendant testified in his own behalf, and, after first offering some explanations and denials, finally fully admitted the manufacture of the liquor, its possession for purposes of sale, and also admitted making sales at his place of business. He testified that his customers were not satisfied with near beer, and that he used near beer as a base, and increased the alcoholic content by introducing malt syrup and then heating the mixture.

[1] The only error assigned is the admission of the intoxicating liquor taken when the prohibition agents entered the saloon. The entry into the saloon was made by a state prohibition agent, and two United States prohibition agents accompanied him. The state agent was possessed of a search warrant, but it was conceded upon the trial that it was, for some reason not disclosed, invalid.

The state of Wisconsin has enacted statutes to further the enforcement of the Eighteenth Amendment. In so doing it has provided for the appointment of prohibition enforcement officers and for the issuance of licenses to those engaged in the sale of nonintoxicating liquors to be consumed upon the premises where sold. It is further provided that the commissioner or his deputy, or any peace officer, may inspect such licensed premises at any reasonable time without a search warrant. In Silber v. Bloodgood, 177 Wis. 608, 188 N. W. 84, it was held that lawful authorities may inspect premises licensed for traffic in nonintoxicating liquors, and are empowered without a search warrant to force an entrance into a locked drawer in which was hidden a bottle of contraband whisky. See, also, Finsky v. State, 176 Wis. 481, 187 N. W. 201; Novak v. State (Wis.) 200 N. W. 369.

Mr. Bloodgood, the state agent, was not required to have with him a search warrant to justify his entry into defendant's premises, nor, for that matter, was it necessary, for any one who entered this saloon, a place licensed by the state of Wisconsin to sell nonintoxicating liquor, to have a legal process. Nor was the state agent limited to merely entering the building. He was not only authorized, but by the statute required,

to *inspect* such premises to ascertain whether any beverage other than the nonintoxicating kind was being there manufactured or sold.

As the prohibition agents, state and national, entered the saloon, a woman seized a glass jug, about half full of a liquid that looked like whisky, and with it made a retreat to an adjoining room. The odor of home brew in the process of manufacture also lured them on, and the agents passed into the next room, where they found defendant operating two stills. Intoxicating liquor was discovered back of the bar, and the glass jug, the removal of which first aroused the agents' suspicion, was half full of moonshine whisky.

Defendant stated that he had been convicted in the state court for violating the law, and his license revoked, whereupon his wife obtained a license, and the business was being conducted by her as licensee. He was merely her brewmaster. Upon this statement of facts, the ruling of the trial judge was so obviously right that discussion is unnecessary. The evidence was undisputed; defendant's own story convicted him more conclusively, if possible, than the government's proof.

[2] No valid objection to the reception of the evidence obtained when the state prohibition officer entered the saloon is disclosed. Moreover, intoxicating liquor seized by him would be competent evidence in the federal court in a prosecution by the United States against defendant. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159. The mere fact that he was accompanied by two federal prohibition agents did not necessitate a search warrant. Doubtless such state prohibition agent could ask any one to accompany him and make observations to corroborate him in case he was disputed. Malacrauis v. United States (C. C. A.) 299 F. 253; Thomas v. United States (C. C. A.) 290 F. 133; Elrod v. Moss (C. C. A.) 278 F. 123.

[3] But another reason suggests itself why this evidence was proper, irrespective of search warrants or the Wisconsin statute. Defendant's place of business was a saloon. Therein he was supposedly selling nonintoxicating beverage, which could be drank upon the premises. It was not unlawful for any person to enter this place of business. The government prohibition agents were therefore lawfully in the saloon. Having entered the saloon lawfully, they observed what must to them have been

an obvious violation of the law and an effort to evade detection. The enforcement officers could not have justifiably reached any other conclusion than that the party in charge of the saloon, suspecting their official character, sought to conceal the intoxicating liquor. The officers were then justified in making an effort to obtain possession of it. In so doing they discovered the still in full operation.

For these added reasons, therefore, it is apparent that the judgment should be and it is hereby affirmed.