THE STATE *v.* E. G. ELLISON *et al.*

(*Jackson.*  April Term, 1925.)

**CHATTEL MORTGAGES.** Indictment for selling mortgaged property held not to charge an offense.

Indictment predicated on Acts 1883, chapter 164, section 1, denouncing as a felony where owner of personal property executes mortgage and then sells property to deprive mortgagee thereof, *held* not to charge an offense, where it neither alleged that defendants owned property sold, or that they incumbered it by mortgage or deed of trust.

Acts cited and construed: Acts 1883, ch. 164, sec. 1.

*Headnote 1.  Chattel Mortgages, 11 C. J., Section 372.

FROM CROCKETT.

Error to the Circuit Court of Crockett County.—HON. THOS E. HARWOOD, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

JERMAN & JERMAN, for defendants in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

In this case the State has appealed from a judgment quashing the indictment, the material parts of said indictment being as follows:

"That E. G. Ellison and D. H. Powell, Jr., late of said county, heretofore, to-wit, on the ——— day of January, A. D. 1924, in the county of Crockett aforesaid, then and there unlawfully, willfully and feloniously did dispose of the crop of cotton and corn, of value more than $30, grown on the land of D. H. Powell, Jr., in the Eleventh civil district of said county with the intent to and did defraud one R. R. Gibbons, who had a mortgage upon said crop of corn as shown of record in the register's office in Alamo, Tennessee, in Mortgage Book No. 10, page 131, and the said E. G. Ellison and D. H. Powell, Jr., well knowing then and there, when they sold said crop of cotton and corn, that same was covered by said mortgage, and the debt secured by said mortgage remained due and unpaid, against the peace and dignity of the State."

The indictment is predicated upon section 1 of chapter 164 of the Acts of 1883, which is as follows: "That if the maker of any registered mortgage or deed of trust, or any other person, shall dispose of their property conveyed in or covered by such conveyance, with the purpose of depriving the mortgagee, trustee or any beneficiary of the same, or any part thereof, or the proceeds, such person so disposing of such property shall be guilty of a felony, whether the party so offending had custody of the property at the time or not: Provided, that this act shall not apply to mortgages or deeds of trust of real estate."

While the act is inartifically drawn, there can be little doubt as to its meaning, viz. that where the owner of personal property executes a mortgage or deed of trust on same, and then sells the property for the purpose of depriving the mortgagee or beneficiary thereof, he is guilty of a felony.

State v. Ellison.

The indictment in question neither alleged that the defendants in error owned the property sold, or that they incumbered same by mortgage or deed of trust; hence, for these omissions, the court properly quashed the indictment.

*Affirmed.*