J. E. COPE *v.* STATE OF TENNESSEE.*

(*Jackson.*   April Term, 1928.)

Opinion filed June 30, 1928.

1. **CRIMINAL LAW. POSSESSING A STILL. MANUFACTUR-ING WHISKEY. SEARCH WARRANT. PROBABLE CAUSE.**

   Where it appears that defendant's dwelling house was located in a yard enclosed by a fence, about four hundred yards from a public road, on a fenced lane extending over the la..d of def.nd-ant from the public road and used by eight families in getting to and from the public road; that the officers, while on this lane, observed a light in the front room of defendant's dwelling, could see figures walking in front of the light, that the smell of mash or whiskey cooking was very strong, the officers had probable cause to believe an offense was being committed, and a search warrant was unnecessary.   (Post, p. 200.)

2. **CONSTITUTION. POSSESSION DEFINED.**

   The word "possession" as used in the Constitution does not include wild or waste lands or other lands that are unoccupied.   (Post, p. 200-201.)

   Citing: Constitution of Tennessee, Article 1, sec. 7; Welch v. State, 154 Tenn. (1 Smith), 60; People v. Flaczinski, 223 Mich., 650.

   ---

   *Headnotes 1.   Intoxicating Liquors, 33 C. J., section 376; 2. Criminal Law, 16 C. J., section 1110.

   ---

   FROM GIBSON.

   ---

   Appeal from the Circuit Court of Gibson County.— HON. W. W. BOND, Judge.

TAYLOR, ADAMS & FREEMAN, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Cope was indicted for possessing a still and manufacturing whiskey. The jury returned a general verdict of guilty and fixed his fine at $250, to which the trial court added a workhouse sentence of ninety days.

The plaintiff in error had his still in operation in his kitchen, when officers entered his home about midnight and arrested him.

The only question involved is the legality of the testimony offered by the State, it being conceded that the officers had no valid search warrant.

(1) It appears that the dwelling house of the plaintiff in error is located in a yard enclosed by a fence. The distance from the public road to said house is about 400 yards. There is a fenced lane, 60 feet in width, extending over the land of plaintiff in error from said public road to the bottom. This lane passes near the yard of plaintiff in error, and is used by eight families living beyond plaintiff in error in getting to and from the public road. Some of the officers speak of said lane as a community road, and one officer says it is worked by those living in the community. This is denied by the plaintiff in error.

On the night in question the officers testified that while on said lane they observed a light in the front room of said dwelling and could see figures walking in front of the light; that the curtains in the kitchen were drawn,

and that the smell of mash or whiskey cooking was very strong.

In this situation, they went before a justice of the peace and procured a search warrant, which is not in the record and which it is conceded is invalid, and within an hour returned and searched the house, with the result stated.

In our opinion, they had probable cause to believe that an offense was being committed, and a search warrant was unnecessary. We are further of the opinion that the information was not obtained as a result of a trespass upon private property.

(2) In *Welch* v. *State,* 154 Tenn., 60, it was held that the word "possessions" in article 1, section 7, of the Constitution would not include wild or waste lands, or other lands that were unoccupied.

Our conclusions are fully supported by the decision of *People* v. *Flaczinski,* 223 Mich., 650.

Affirmed.