JOE MASSA *v.* STATE.

*(Nashville.* December Term, 1928.)

Opinion filed July 19, 1929.

GALLOWAY & WEINSTEIN, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The plaintiff in error was convicted on both counts in a presentment charging him with the unlawful possession of a still and with manufacturing whisky. His fine was fixed at $100 under the first count and $250 under the second count, to which the trial court added six months imprisonment upon each count, such jail sentences to run concurrently.

About 3 o'clock in the morning two policemen, upon their return from investigating a robbery, observed an automobile standing in the middle of McLain Street in the City of Memphis. They stopped their car and aided the driver of the other car in getting it started. While standing there they detected a very strong odor of mash and corn whisky. Upon reaching the sidewalk on the east side of the street they were within 15 or 20 feet of a two room building in the rear of the residence of plaintiff in error, one side of which was used as a garage and the other side as a workshop. The odor seemed to come from said building and, satisfying themselves that it did, they left the walk and entered the building, where they found 2,000 gallons of mash and 55 gallons of whisky in the workshop, and in the basement underneath a 250 gallon copper still, which was warm and from which whisky was dripping. While there plaintiff in error came to where they were and admitted that it was his still.

The only question involved is the lawfulness of the search.

The constitution only forbids unreasonable searches. This search we consider a reasonable one. Unquestionably an offense was being committed which it was the duty of the officers to suppress. It was lawful for them to follow this odor to the place from whence it came. Officer Oliver testified, on being examined by counsel for the plaintiff in error, as follows:

"Q. What you mean by that, after the car left you began to smell fumes, the odor of mash and whisky? A. Yes, sir.

"Q. That is correct? A. Yes, sir.

"Q. Now, at that time you did not know positive where it was coming from? A. We knew it was coming from the workshop.

"Q. You did not know that until you got on this man's premises? A. We were on the sidewalk, I was."

Subsequent events proved that the officers' judgment was correct.

The following authorities support our conclusions. *Cope* v. *State,* 157 Tenn., 199; *Borkowski* v. *United States,* 268 Fed., 412; *Brown* v. *Commonwealth,* 208 Ky., 345; *State ex rel.* v. *District Court,* 72 Mont., 77; *McBride* v. *United States,* 284 Fed., 416.

█ In the last-named case it was said:

"Where an officer is apprised by any of his senses that a crime is being committed, it is being committed in his presence so as to justify an arrest without a warrant."

Likewise, where an officer's sense of smell apprises him that whisky is being manufactured, he is justified in making a search without procuring a warrant.

It is conceded by the State that the ''one transaction'' rule is applicable, and, upon the authority of *Patmore* v. *State,* 152 Tenn., 181, the judgment will be so modified as to limit the conviction to the count for manufacturing whisky, with a fine of $250 and a workhouse sentence of six months.