## UNITED STATES v. RABSTEIN et al.

District Court, D. New Jersey.
March 17, 1930.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Douglas M. Hicks, Asst. U. S. Atty., of New Brunswick, N. J. (L. J. Kosters, of Newark, N. J., on the brief), for the United States.

Louis A. Fast, of Newark, N. J., for defendants.

FAKE, District Judge.

It appears from the agreed state of facts that federal prohibition officers entered the yard of the Star Bottling Works. The building on the premises was a two-story brick and frame structure used as a bottling plant, and upon entering the yard the prohibition officers detected a strong odor of alcohol coming from a room in the rear of the building. There was a locked door leading from the bottling plant to the room from which the odors emanated. The officers removed a board, entered the room, and made the seizure complained of.

It is urged that the seizure so made without a search warrant is unreasonable and in violation of the Fourth Amendment.

The premises in question apparently being a place of business, the officers had the same right to enter the yard as would be vested in one of the general public, and having so entered, it cannot be said they were trespassers, but when they forcibly broke open and entered a locked interior room without any other evidence appealing to their senses than a strong odor of alcohol, with nothing to distinguish that general odor as to whether it escaped from alcohol suited to beverage purposes or from such denatured alcohol as is used in the arts and sciences, they stepped beyond the border of reasonableness and came into conflict with the Fourth Amendment. There is nothing here to show that the officers saw any machinery or equipment before making forcible entry, nor is there anything from which it would appear that guilty persons might escape or that the contraband might be removed while the officers or one of them sought further evidence or proceeded in the orderly way for a search warrant. The reasons for such conclusions are clearly stated by Judge Thomas in United States v. Di Corvo (D. C.) 37 F.(2d) 124, and in the absence of a contrary ruling in this circuit I

228

feel that the rules laid down in that case should be followed here.

In the Lobosko Case (D. C.) 11 F.(2d) 892, a clear distinction is made between entering a private portion of a building without a search warrant and entering a place of business, and the mere odor of alcohol alone does not in my opinion excuse an otherwise unlawful entry into an inner room.

 It is contended for the government that the prohibition officers were vested with power under section 3177, Revised Statutes (26 USCA § 92), to enter in the daytime any building where alcohol is kept or produced. Referring to this section, Judge Woolley, speaking for this circuit in Cooper v. United States, 299 F. 483, 485, said: "This is a section of the Revenue Act providing means to enforce collection of the public revenues. To this end, and because of the peculiar problem, authority given a deputy collector of internal revenue to enter and search premises where articles subject to federal tax 'are made, produced, or kept' has been regarded not to be violative of the constitutional provision against 'unreasonable searches and seizures.' * * * When the 'articles or objects subject to tax' mentioned in the section, for which a deputy collector may search without a search warrant, are liquors, we do not think the statute confers upon him a blanket warrant to search for liquors wheresoever he may think they may be found."

Obviously, if an internal revenue officer is limited in his authority as above outlined, a prohibition officer cannot by virtue of the same section become vested with broader powers. Since the decision in the Cooper Case, Congress has passed the Act of March 3, 1927 (5 USCA § 281 et seq.), creating the Bureau of Prohibition, but nothing is found in this act or in Treasury Decision No. 1 of April 1, 1927, which evidences an intent to enlarge upon the powers of prohibition agents to an extent sufficient to overcome the logic of the decision above quoted.

The motion to suppress is granted.