McCanless, Com'r, *v.* Evans.

(*Knoxville*, September Term, 1940.)

Opinion filed January 13, 1941.

Roy H. Beeler, Attorney-General, and Henry C. Foutch, Assistant Attorney-General, for plaintiff in error.

J. M. HARGRAVES, of Chattanooga, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Commissioner of Finance and Taxation appeals from a judgment of the circuit court of Hamilton County overruling a motion made by the commissioner to dismiss a petition for *certiorari* and *supersedeas* and granting the writs and reversing the finding and holding of the commissioner in this case involving the confiscation of certain whiskey.

On the night of October 25, 1939, three inspectors from the Department of Finance and Taxation drove to the place of business of defendant-in-error, Julian Evans, and one of the officers entered and purchased a bottle of whiskey and thereupon signaled the other officers, who entered and found a large quantity of whiskey, of the value of approximately $242, which they confiscated in accordance with Section 17, Chapter 49, of the Acts of 1939.

Some weeks later Evans filed a petition before the commissioner, as provided for in Section 19, subsection 3, of Chapter 49, and hearing was had on oral testimony before the commissioner, who denied the petition and confirmed the confiscation of the whiskey. Defendant-in-error then filed the petition above mentioned for *certiorari* and *supersedeas* with the circuit judge. The commissioner filed a motion setting out several grounds for dismissal, with the result heretofore stated.

We think it unnecessary to set out in detail this motion to dismiss, which is lengthy. It alleged that the petition showed the arrest of the petitioner for selling whiskey in violation of Chapter 49, without license or other au-

thority; that as an incident of his arrest for this offense committed in their presence, the officers seized and confiscated the whiskey in question, as authorized by law to do, it being stamped whiskey, being sold by an unlicensed person in avoidance, evasion, and violation of the provisions of the act; that the search (if in fact a search was made) and seizure of the whiskey was as an incident of the arrest and not unreasonable and unlawful, although made without a warrant, no warrant being necessary; that it appeared that Evans had in his possession at the time of his arrest more than one case of whiskey, which, under Section 12, subsection (11), of Chapter 49, is made unlawful, and that this constituted *prima facie* evidence that Evans was engaged in the unlawful sale of liquor (this being in addition to the evidence afforded by the sale made by him at the time). It was further alleged in this motion that since the petitioner in this case was in unlawful possession of this whiskey and was not in a position to possess it legally, no return of it could properly be made to him in any event.

The pertinent part of Section 19 of Chapter 49, of the Acts of 1939, relied on to authorize the seizure of liquor by these officers and its confiscation by the commissioner, reads as follows: "Section 19. Be it further enacted, That all alcoholic beverages as defined in this Act which are or shall be owned or possessed by any person in avoidance, evasion or violation of any of the provisions of this Act are hereby declared to be contraband goods and the same may be seized by the Commissioner, or any duly authorized representative, agent or employee of the Department, without a warrant, and said goods shall be delivered to the Department for sale at public auction to the highest bidder after due advertisement."

We think it hardly necessary to discuss the question

of the right of the commissioner to confiscate whiskey possessed unlawfully under the provisions of this statute. We do not understand that the trial judge questioned this power or that counsel for Evans seriously does so, but the opinion of the trial judge filed in the record clearly shows that his action in the case was rested wholly upon his finding on the facts that the whiskey in question was seized by these officers as result of an unlawful search of the premises of defendant-in-error; the trial judge evidently being of opinion that these officers were not authorized to make the search and seizure without a warrant, which, it was of course conceded, they did not have. The judgment of the court below is predicated, as we understand it, upon this ground solely, and we understand that this therefore is the only question necessary or proper for determination here.

We are wholly unable to agree with the learned trial judge. We have carefully considered the testimony heard before the Commissioner of Finance and Taxation, and we think the undisputed facts, no testimony being given except by the arresting officer, clearly showed a case in which under all our holdings a search warrant was not necessary. A search warrant is unnecessary to make a lawful search of the premises, or the immediate surroundings, of the person where the arrest is made. In this case Officer Davies testified that he and two other officers drove their car out to Evans' public place, a restaurant or roadhouse, and stopped in front and one of the officers went in and purchased a bottle of whiskey from Evans and came to the door and signaled him and his companion; that they thereupon entered the lunchroom and put Evans under arrest; that he made no protest or complaint and no demand for a warrant, either of arrest or of search; that they could see from this room

through an open door three or four feet into an adjoining room, and plainly saw under a bed whiskey there stored in large quantity, which whiskey they proceeded to take into possession. This witness testified that he could see one case of whiskey under this bed before entering the room and later found there were several cases. In other words, it is quite clear that these officers not only were justified in entering and looking about for additional whiskey as supporting evidence to convict this man of being engaged in the sale of whiskey, under the holding in *Elliott* v. *State*, 173 Tenn., 203, 116 S. W. (2d), 1009, but it further appears that they never at any time made what might properly be called a "search". All the whiskey they found there and took possession of was in view without any "search". They were not only authorized to enter the place by reason of having seen a sale made, but this lunchroom was a place to which the public was invited, and it has been held repeatedly that the law of search and seizure does not require that one have a search warrant, or special permission, to justify or authorize admission to such premises. If it be conceded that the invitation did not extend to the adjoining bedroom, in which the cases of whiskey were found, an officer who, from a point where he lawfully is, sees or smells (*Cope* v. *State*, 157 Tenn., 199, 7 S. W. (2d), 805) distinctly the evidence of an offense, such as illegal possession of whiskey, may lawfully enter upon that place where the article is, or the offense is being committed, without a warrant. *Massa* v. *State*, 159 Tenn., 428, 429, 19 S. W. (2d), 248, 249, is in point, holding that "where an officer is apprised by any of his senses that a crime is being committed, it is being committed in his presence, so as to justify an arrest without warrant," and citing *Cope* v. *State, supra*; *United States* v. *Borkowski*, D. C.,

268 F., 408, 412; *Brown* v. *Commonwealth*, 208 Ky., 345, 270 S. W., 833; *State ex rel.* v. *District Court*, 72 Mont., 77, 231 P., 1107; *McBride* v. *United States*, 5 Cir., 284 F., 416; also see *State ex rel.* v. *Reichman*, 135 Tenn., 653, at pages 669, 670 and 671, 188 S. W., 225, Ann. Cas., 1918B, 889, wherein it was held that where the actions of the person and the surrounding circumstances are such as to indicate a threatened breach of the peace the arrest may be made. Of course, it is well settled that where an arrest is lawfully made, the search is lawful. *Hughes* v. *State*, 145 Tenn., 544, 238 S. W., 588, 20 A. L. R., 639; 56 C. J., 1198.

It is also insisted for the State that Evans, in effect, submitted to the examination of his premises and to the taking possession of this liquor, and for that reason cannot now be heard to complain. We find it unnecessary to pass upon this question, in view of what has heretofore been said. Counsel for the State has filed a full brief, citing and quoting from many authorities amply sustaining the right of officers in a case like this to enter upon premises and take possession of liquor unlawfully possessed on such premises. Reference is made to this brief.

██ For another reason, the Commissioner rightly refused to order the return of this whiskey to petitioner Evans. It appears that Evans was not a licensed dealer and was unlawfully in possession of this large quantity of whiskey. If it should be turned over to him by the commissioner, he would then be in unlawful possession of it. The opinion of this Court in *Ambrester* v. *State* is directly in point (172 Tenn., 144, at pages 146, 147, 110 S. W. (2d), 332, at page 333), where the general rule was stated to be that property, the possession of which is illegal, "cannot be returned to accused from whom it was unlawfully taken, since that would make him a criminal

when he became repossessed of it;'' citing 56 C. J., 1251. Mr. Justice McKinney says, ''If petitioner was not in the lawful possession of this whisky, this court should refrain from making him a criminal by ordering it restored to his possession.'' And see Vol. 16, No. 3, Tennessee Law Review, Dean Arnold on Search and Seizure.

The judgment of the circuit court must be reversed and that of the commissioner affirmed.