Lewis *v.* State.

(*Nashville*, September Term, 1944.)

Opinion filed December 2, 1944.

Hobart F. Atkins, of Knoxville, and A. L. Fox, of Clinton, for defendant-plaintiff in error.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

Appealing from a conviction of possessing liquor illegally, with a fine of $100 and jail sentence of thirty days,

defendant below assigns errors challenging the validity of the warrant under which the search was made and, therefore, the right of the raiding officer to testify.

Highway patrol officers entered a road house known as the Ritz on the highway a short distance out of Clinton and found a number of bottles of whisky and glassware used in mixing and distributing drinks. Defendant Lewis told the officers that he was "the manager" of the place, as his presence and conduct indicated. He was arrested and prosecuted with the above result.

These facts are without dispute. The defendant neither testified nor introduced other witnesses.

■■ We find it unnecessary to rule on the challenge directed at the affidavit on which the search warrant was issued, for the conclusive reason that it clearly appears that the place entered was a public place or resort to which the public had free access, and no search was necessary or made after entry. It has been repeatedly held that entry into such public places is not within the constitutional protection against unlawful search. In the recent reported case of *McCanless, Commissioner*, v. *Evans*, 177 Tenn. 86, at page 91, 146 S. W. (2d) 354, at page 356, we said:

"They [the officers] were not only authorized to enter the place by reason of having seen a sale made, but this lunchroom was a place to which the public was invited, and it has been held repeatedly that the law of search and seizure does not require that one have a search warrant, or special permission, to justify or authorize admission to such premises."

Having entered the building as invitees and not as trespassers and discovered "in the open," without a search, intoxicating liquor, the arrest of the defendant in possession and seizure thereof was lawful.

The judgment is affirmed.