CARROLL *v.* STATE.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

352

STACY J. GRAYSON, of Bristol, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error, Carroll, was indicted, tried and convicted of the unlawful possession of intoxicating liquors, with the punishment fixed at a fine of $250 and a four months jail sentence, from which this appeal comes.

We find in the brief of the State a very full, fair and succinct statement of the factual situation as follows:

"The plaintiff in error operates some type of business near Kingsport, the exact nature thereof being left to conjecture under this record. On Christmas Eve, 1948, several officers armed with a search warrant which was defective under the authority of *Welchance* v. *State*, 173 Tenn. 26, 114 S. W. 2d 781, entered his place of business. As the officers entered they saw the plaintiff in error come in the back door.

"A search of his premises disclosed no contraband. However, it had snowed upon this morning and from the back door, the officers observed one set of tracks leading from it to a creek some 20 to 30 feet behind his place of business. He informed them that he had gone out the back door to throw out some ashes but no ashes could be detected upon the freshly fallen snow.

"Down at the water's edge of this creek which ran behind the store, the officers discovered a sack which evidently had been thrown down recently because snow was underneath it and with none on the sack. In this sack they found four live bottles of intoxicating liquor and seven which had been broken recently, the pungent odor of whisky being still present.

"The plaintiff in error introduced no evidence whatsoever."

██ The legal questions raised by this record go to the admission of the evidence about the liquor and finding it. Objections were seasonably made to the introduction of this evidence because it was said the search warrant was invalid. Under the record, the place of business of Carroll was a public one and therefore, the officers might lawfully enter without a search warrant. It has been repeatedly held that entry into such public places is not within the constitutional protection against unlawful search. *McCanless, Commissioner* v. *Evans,* 177 Tenn. 86, 146 S. W. 2d 354; *Lewis* v. *State,* 181 Tenn. 673, 184 S. W. 2d 23. These officers were thus, to say the least, implied invitees and not trespassers. If under such circumstances contraband liquor is "discovered 'in the open,' without a search", the "seizure thereof" is lawful. *Lewis* v. *State, supra* [181 Tenn. 673, 184 S. W. 2d 24].

██ ██ The constitution only forbids unreasonable searches. When an officer by use of his senses of sight, smell, etc., detects that a crime is being committed, such as seeing whisky, smelling the odor thereof coming from a place so as to cause him to believe whisky was being manufactured or dispensed, the crime "is being committed in his presence, so as to justify an arrest without warrant." *Massa* v. *State*, 159 Tenn. 428, 19 S. W. 2d 248, 249, and cases there cited.

██ In the instant case the officers neither saw nor smelled the liquor. They did not see Carroll or any one else take the sack to the creek bank—all they saw was Carroll entering the back door as they entered the front. The only thing they saw was tracks leading through the snow to the bank of the creek behind this place. They followed these tracks and there found a sack containing the liquor in question. These officers did not see the plaintiff in error take the whisky there—they only saw him come into his place of business through the back door from where these tracks led to the creek. These officers went to this place with a search warrant which was admittedly bad. They searched the place and surroundings under this void search warrant and as a result of this search found the liquor.

We are constrained to hold that the liquor was found by reason of an invalid search—not from their senses of sight or smell. There was no violation of the law in the presence of these officers who were validly in this place.

For the reasons above expressed we are constrained to reverse the judgment below and remand the case.

All concur.