REINHART *v.* STATE.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

FLETCHER R. MORGAN, C. B. COLEMAN and FRED B. FRAZIER, all of Chattanooga, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant Fred Reinhart, alias Alexander L. Allen, was convicted under one indictment charging him with practicing medicine without a license and another indictment charging him with practicing the healing arts without a license from the Healing Arts Board. The cases were tried together and defendant was convicted upon both indictments, his punishment being fixed at a fine of $25 for the charge of practicing medicine without a license and a fine of $400 and jail sentence of sixty days for the charge of practicing healing arts without a license. The defendant practiced medicine in Ohio and came to Tennessee in 1947. It seems that prior to 1947, Dr. Hayward operated a hospital on Forrest Avenue in Chattanooga. About this time the defendant purchased the real estate involved from Dr. Hayward and he and Dr. Hayward entered into a contract in which the latter agreed to act as medical adviser for the defendant. Later Dr. Hayward traveled extensively for his health and made arrangements with Dr. Shipp to attend to certain of his patients. The record discloses that the defendant treated cancer extensively.

The witness Mahoney, a resident of Indiana, testified that his wife had been diagnosed as being afflicted with cancer and that he brought her to Chattanooga to Dr. Allen for treatment. He testified that he had come in contact with Dr. Hayward and he told him Dr. Allen was

taking over the operation. This witness further testified that he had a conference with Dr. Allen and that his wife stayed under his care for about four months and that his bill was about $1,200. Mahoney testified that Dr. Allen gave his wife colonic irrigations and also inserted capsules in her vagina where the cancer was located; that the defendant told him that it would take about three months to cure. This witness introduced receipts signed by the defendant for board, lodging and treatment of his wife. He also testified that defendant examined his wife, told him that she had cancer and that he had a cancer cure. This witness further testified that Dr. Hayward never at any time undertook to treat his wife but that it was all done by the defendant. Miss Goodner, who was a practical but not a registered nurse, testified that the medicine was given to her by Dr. Allen and that Dr. Allen told her how to give the medicine. Dr. Shipp, who was present on several occasions, also testified to seeing the defendant treat patients; that he would give them capsules and other treatments administered to them.

The practice of the healing arts is defined by Chapter 9, Public Acts of 1947 as follows: ". . . practice of the healing arts is defined as offering or undertaking to diagnose, treat, operate on, or prescribe for any human pain, injury, disease, deformity, or physical or mental condition . . ."

The testimony of Miss Goodner, Dr. Shipp and Mahoney shows clearly that the defendant has violated this statute. The defendant makes no special denial of these operations but insists that what he did was under the direction of Dr. Hayward and Dr. Shipp. It is

also assigned as error that the two indictments are for the same offense.

It is not necessary for us to pass upon this proposition as the state has suggested that the judgment or conviction for practicing medicine without a license be reversed and that the conviction for violating the healing arts act be affirmed. *Cronan* v. *State,* 113 Tenn. 539, 82 S. W. 477; *Patmore* v. *State,* 152 Tenn. 281, 277 S. W. 892.

The final insistence is that Mr. Cooper, an investigator for the State Board of Healing Arts, made an unlawful search of the hospital to gain evidence against the defendant.

■ ■ There is no merit to this contention. The hospital was open to the public and it could not be said that any one who went through there was a trespasser. In *McCanless* v. *Evans,* 177 Tenn. 86, 146 S. W. (2d) 354, this Court lays down the rule that the law of search and seizure does not require a search warrant or special permission for the purpose of entering premises to which the public is invited.

We have examined all the assignments of error and find them without merit. It is therefore the judgment of this Court that the conviction for practicing medicine without a license is reversed and the conviction for violating the healing arts act is affirmed.

All concur.