THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RUBÉN LÓPEZ, known as CUCÚ, Defendant and Appellant.

No. 15708.   Argued November 3, 1954.—Decided November 30, 1954.

*Jorge Díaz Cruz* for appellant.   *J. B. Fernández Badillo, Acting Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Puerto Rico, Ponce Part, sentencing appellant to six months in jail for violation of § 4 of Act No. 220 of May 15, 1948 (Sess. Laws, p. 738)—"*Bolita* Act." He contends that judgment should be reversed assigning as the sole error that the court dismissed "the defendant's motion for suppression of the evidence" admitted by it, in spite of its having been "obtained in the course of an illegal search as evidence against the accused."

The evidence referred to in that assignment consisted of lists of three-digit numbers, copybooks, and money in cash, part of which was seized by the police in appellant's residence located on the second floor of a two-story building, the main floor being occupied by a cockpit and a *cafetín* operated by him. In order to make the search which was carried out by virtue of a warrant which authorized the search *in the residence*, the police entered the *cafetín* and went up through the interior stairway which led to the residence, where they found the evidence in question. The assignment relied on by appellant urging the reversal of the judgment is based on the admission of this evidence which was offered by The People at the trial against appellant, after the lower court had refused to suppress it. He contends that the search made in his residence under the authority of the search warrant was illegal, on the ground that the police entered the *cafetín* without permission, using the interior stairway to reach the residence, and that the search having been illegal for this reason, the evidence should have been excluded.

The assignment is without merit. The *cafetín* was open to the public and the police entered legally. *United States* v. *Rabstein*, 41 F. 2d 227; *Smith* v. *United States*, 105 F. 2d 778; *In re Lobosco*, 11 F. 2d 893; *Ludwig* v. *United States*, 3 F. 2d 231; *McWalters* v. *United States*, 6 F. 2d 224; 79 C.J.S. 833; *Lewis* v. *State*, 184 S. W. 2d 23; *McCanless* v. *Evans*, 146 S. W. 354; *Reinhart* v. *State*, 241 S. W. 2d 855; *Crosby* v. *State*, 257 Pac. 1113; *State* v. *Parent*, 287 Pac. 662. Since the peace officers were legally inside the *cafetín*, they had the right to use the stairway in order to reach and search appellant's residence under the authorization conferred on them by the search warrant.

The decision in *People* v. *Barrios*, 72 P.R.R. 163, cited by appellant, is inapplicable. The question involved there was whether a clerk of an establishment could, while the

owner was absent, validly authorize a peace officer to search his employer's place of business, which is not the case here. Appellant's *cafetín* was not searched by the police.

The judgment will be affirmed.

Mr. Justice Ortiz did not participate herein.