EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RUBÉN LÓPEZ, conocido por CUCÚ, acusado y apelante.

Número 15708.

*Sometido:* 3 de noviembre de 1954. *Resuelto:* 30 de noviembre de 1954.

*Jorge Díaz Cruz,* abogado del apelante; *Hon. Secretario de Justicia Interino J. B. Fernández Badillo* y *Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

Se trata de una apelación contra sentencia del Tribunal Superior de Puerto Rico, Sala de Ponce, condenando al apelante a seis meses de cárcel por infracción al art. 4 de la Ley núm. 220 de 15 de mayo de 1948, "Ley de Bolita". Se sostiene que debemos revocarla, señalándose como único error el que dicho tribunal declaró sin lugar "la moción de la defensa pidiendo la supresión de la evidencia", que admitió a pesar de haber sido "obtenida en el curso de un registro ilegal como prueba contra el acusado".

La evidencia a que se contrae dicho señalamiento consistió de listas de números de tres cifras, libretas y de dinero en efectivo, y parte de ella fué ocupada por la policía en la residencia del apelante en los altos de un edificio de dos plantas, en la planta baja del cual tenía una gallera y un negocio de cafetín. Para efectuar el registro, que fué llevado a cabo en virtud de una orden que lo autorizaba *en la residencia,* la policía penetró en el cafetín, subiendo a aquélla por una escalera que estaba en el interior de dicho establecimiento, encontrando en la residencia la evidencia a que nos hemos referido. En la admisión de la misma, presentada por El Pueblo en el juicio contra el apelante, después que la corte a quo se había negado a suprimirla, es que descansa el señalamiento en que se funda éste para solicitar que revoquemos la sentencia. Arguye que el registro practicado en su residencia mediante la orden de allanamiento fué ilegal por haber entrado la policía al cafetín sin permiso alguno, utilizando la escalera interior para subir a la residencia, y que habiendo sido ilegal el registro por ese motivo, debió excluirse la evidencia.

El señalamiento carece de mérito. El cafetín estaba abierto al público y la policía penetró en él legalmente. *United States* v. *Rabstein,* 41 F.2d 227; *Smith* v. *United States,* 105 F.2d 778; *In re Lobosco,* 11 F.2d 892; *Lugwig* v. *United States,* 3 F.2d 231; *McWalters* v. *United States,* 6 F.2d 224; 79 C.J.S. pág. 833; *Lewis* v. *State,* 184 S.W. 2d 23; *McCanless* v. *Evans,* 146 S.W. 2d 354; *Reinhart* v. *State,* 241 S.W.2d, 855; *Crosby* v. *State,* 257 Pác. 1113;

*State* v.. *Parent*, 287 Pac. 662.· Estando los agentes del orden público legalmente en el cafetín, tenían derecho a utilizar la escalera para poder llegar a la residencia del apelante y registrarla, haciendo así uso de la autorización concedida por la· orden de allanamiento.

. La decisión en *Pueblo* v. *Barrios*, 72 D.P.R. 171, citada por el apelante, es inaplicable. En ella estaba envuelta la cuestión de si un dependiente de un establecimiento podía, en ausencia del dueño, dar autorización válida a un agente de orden público para registrar el negocio de su patrono, cuestión que no está envuelta en este recurso. El cafetín del apelante no fué registrado por la policía.

*La sentencia apelada deberá ser confirmada.*

El Juez Asociado Sr. Ortiz no intervino.